**STATE of Minnesota, Respondent,**

**v.**

**George THOMAS, etc., Appellant.**

**No. C6–85–507.**

Court of Appeals of Minnesota.

Oct. 8, 1985.

Hubert H. Humphrey, III, Atty. Gen., Thomas Foley, Ramsey Co. Atty., Steven C. DeCoster, Asst. Co. Atty., St. Paul, for respondent.

C. Paul Jones, State Public Defender, Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by PARKER, P.J., and WOZNIAK and HUSPENI, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

This is a sentencing appeal in which the sole issue is the computation of appellant's criminal history score. Appellant contends a foreign conviction for an offense committed while he was 17 years old was improperly used in determining his criminal history. We agree and modify his sentence.

## FACTS

Appellant pleaded guilty to second degree murder, Minn.Stat. § 609.12(2) (1984) following an incident in which he shot his cousin after they got into an argument at the People's Choice Bar in St. Paul. At sentencing, the court was advised that appellant had a prior adult felony conviction for second degree burglary and stealing in Missouri. This offense was committed in 1979 when appellant was 17 years old. He was prosecuted as an adult because the Missouri juvenile court jurisdiction ended at age 17. Appellant was sentenced to two concurrent two-year prison terms in Missouri and was paroled on August 29, 1980. He argued that this conviction should not count in determining his criminal history score because in Minnesota a 17-year old is regarded as a juvenile. The trial court rejected appellant's contention and sentenced him to 122 months imprisonment, the presumptive sentence for a severity level IX offense and a criminal history score of one.

## ISSUE

Did the trial court err in using appellant's prior Missouri conviction in determining his criminal history score?

## ANALYSIS

Minnesota Sentencing Guidelines II.B.5 provides that

The designation of out-of-state convictions as felonies, gross misdemeanors, or misdemeanors shall be governed by the offense definitions and sentences provided in Minnesota law.

Pertinent comments to this section provide:

II.B.503. It was concluded, therefore, that designation of out-of-state offenses as felonies or lesser offenses, for purposes of the computation of the criminal history index score, must properly be governed by Minnesota law.

II.B.505. It was contemplated that the sentencing court, in its discretion, should make the final determination as to the weight accorded foreign convictions. In

so doing, sentencing courts should consider the nature and definition of the foreign offense, as well as the sentence received by the offender.

There is no question appellant received a felony sentence by Minnesota standards for his Missouri convictions and that the nature of his foreign offenses was also similar to that of Minnesota felonies. Further, juvenile offenses are severely restricted in their use in the calculation of criminal history scores in Minnesota. *See* Minnesota Sentencing Guidelines II.B.4.

This case is controlled by *State v. Marquetti*, 322 N.W.2d 316 (Minn.1982). There, the trial court had used a Cuban burglary conviction from 1972 based on the defendant's act of stealing chickens when he was 16 years old. In answering the State's contention that the conviction was an adult felony conviction for criminal history purposes, the supreme court stated:

> Generally, 16-year olds are not prosecuted as adults for burglaries in Minnesota and the defendant should not be given one point for a conviction occurring when he was 16 unless he would have been prosecuted as an adult in Minnesota under the same circumstances. Whether or not the conviction should be useable as a felony conviction in such circumstances depends on who had the burden of proof. We believe that the state had the burden of proof on this issue and that it failed to meet that burden of proof.

*Id.* at 319.

Implicit in the court's reasoning is that the age of adulthood for sentencing purposes is governed by Minnesota law. This reasoning is sound because defendants with similar criminal histories should not receive disparate treatment depending on the age of majority of the state in which they committed prior offenses.

As in *Marquetti*, the State here failed to prove that appellant would have been prosecuted as an adult in Minnesota under the same circumstances. Accordingly, appellant's criminal history score should have been zero rather than one and the sentence should be reduced from 122 to 108 months, the high end of the presumptive sentence for a severity level IX offense with a criminal history score of zero.

## DECISION

The State failed to prove that appellant's Missouri conviction for an offense committed when he was 17 years old could be used in computing his criminal history score. Appellant's sentence is thus reduced from 122 to 108 months pursuant to the Minnesota Sentencing Guidelines.

Affirmed as modified.